# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PATRICIA L. BELL AND
JACQUELINE D. BURTON,

       **Plaintiffs,**

       **v.**

MICHAEL B. DONLEY,

       **Defendant.**

Civil Action No. 09-843 (JDB)

## MEMORANDUM OPINION

Plaintiffs Patricia L. Bell and Jacqueline D. Burton bring this action against Michael B. Donley, in his official capacity as the Secretary of the Air Force, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Plaintiffs allege that the Air Force took several adverse actions against them on the basis of their race (African-American), and retaliated against them in response to protected EEO activity. The events giving rise to this suit occurred, for the most part, while they were both employed at Bolling Air Force Base in the Clearance Review Branch and the Due Process Branch at the Air Force Central Adjudication Facility ("AFCAF"). The claims stem primarily from their unsuccessful applications for other positions or promotions at AFCAF and the alleged fallout from then pursuing EEO relief. In most other respects, Bell and Burton have raised Title VII claims distinct from each other's cases.

Presently before the Court is defendant's motion for partial dismissal, or, in the alternative, for partial summary judgment, raising the threshold issue of whether plaintiffs have

adequately exhausted their administrative remedies as to certain claims.[1]  In the course of

briefing, the parties have narrowed the claims at issue, with each side having conceded the

adequacy, or inadequacy, of exhaustion as to specific claims, as further described below.  As to

the claims that remain in controversy, the Court has determined that plaintiffs failed to exhaust

their administrative remedies, and will therefore grant defendant's motion.

## BACKGROUND

### I.    Plaintiff Bell

#### A.    Background

Plaintiff Bell is an African-American woman, currently employed in the Flex Team

Review Branch of AFCAF, at Bolling Air Force Base in the District of Columbia.  Compl. ¶ 11.

Bell was interviewed for a promotion to the position of Personnel Security Specialist, (GG-080-

14/14, Vacancy Announcement 07MAY606279) on August 22, 2007.  Def.'s Ex. 1.  She was not

selected.  Compl. ¶ 25.  She then filed an informal pre-complaint with the EEOC on September

13, 2007, alleging that she did not receive the promotion because of racial discrimination, and

that the candidate selected was "a White female with less seniority and experience."  Def.'s Ex. 1.

Bell amended her informal pre-complaint on November 16, 2007, to add two additional

discrimination claims concerning the denial of awards the prior September -- an annual

performance award and a "Special Act Award."  See Def.'s Ex. 2.  On January 3, 2008, Bell filed

a formal complaint of discrimination with the EEOC.  Compl. ¶ 8; Def.'s Ex. 3.

---

[1]  For ease of reference, the Court will refer to defendant's memorandum in support of his motion as "Def.'s Mem.," defendant's reply memorandum as "Def.'s Reply," and the exhibits attached to the declaration of Pamela Sullivan as "Def.'s Ex."  Plaintiffs' memorandum in support of their opposition to defendant's motion and their exhibits will be cited as "Pls.' Opp'n" and "Pls.' Ex.," respectively.

In June 2008, Bell received a performance appraisal, but no cash award for her performance. Def.'s Ex. 5. The following month, she sought to amend her EEO complaint alleging that the denial of a cash award was in retaliation for her EEO activity. Id.; Compl. ¶ 8. The amendment was accepted, and on August 19, 2008, Bell formally requested a hearing before the EEOC. Compl. ¶ 8.

Four months later, on January 16, 2009, Bell submitted another motion to amend her complaint, alleging two additional discrete instances of retaliation. Def.'s Ex. 6. First, she alleged that she was retaliated against in August 2008, when she was demoted from Team Chief/Supervisor to Signature Authority Manager, and transferred from an office to a cubicle. Id. Second, she alleged further retaliation when she was denied an opportunity to work overtime. Id. By Order dated February 18, 2009, the Administrative Judge "conditionally granted" the motion, subject to the submission of a timetable for discovery on the amended issues. Def.'s Ex. 7. The parties submitted a joint discovery timetable, and on March 10, 2009, the Administrative Judge granted the motion to amend the original complaint to include the new claims. Def.'s Ex. 9.

But discovery did not move forward. The next day, Bell moved to stay discovery for 30 days, citing a death in the family. See Def.'s Ex. 10. Then on April 3, Bell withdrew her request for an EEOC hearing, and requested that the Administrative Judge remand her case to the Air Force's EEO office for a final decision. See Def.'s Ex. 11. The Administrative Judge granted the withdrawal request, but instead of remanding the case for a final decision, she instructed the Air Force's EEO office to conduct further investigation of the amended issues. Id. About a month later, on May 6, 2009, Bell filed this lawsuit.

**B.      List of Bell's Title VII Claims**

In this lawsuit, Plaintiff Bell brings several Title VII claims, arising out of seven discrete

incidents:

(1)  Discrimination, for nonselection for a Personnel Security Specialist position
     (GG-0080-14/14, Vacancy Announcement 07MAY606279).  Compl. ¶ 25.

(2)  Discrimination and retaliation, for denial of a performance award in June 2008.  Id. ¶¶
     33, 69.

(3)  Discrimination, for denial of a "Special Act Award" in September 2007. Id. ¶ 22.

(4)  Discrimination, for denial of a performance award in September 2007.  Id. ¶ 31.

(5)  Discrimination and retaliation, for demotion and transfer from an office to a cubicle.
     Id. ¶¶ 19, 63.

(6)  Retaliation, for denial of an opportunity to work overtime.  Id. ¶ 68.

(7)  Retaliation, for denial of a request for time off to attend a training seminar.  Id. ¶ 67.

Bell now concedes that she failed to exhaust her administrative remedies with respect to

the last of these claims -- the denial of her request for time off.  See Pls.' Opp'n at 10 n.2.  For his

part, defendant concedes that two of these claims have been exhausted -- the discrimination

claim concerning nonselection for the Personnel Security Specialist position and the retaliation

claim concerning denial of a performance award in 2008.  The parties disagree over whether Bell

exhausted her administrative remedies for the remaining claims.

**II.      Plaintiff Burton**

**A.      Background**

Plaintiff Burton is also an African-American woman, and an employee of the United

States Air Force.  She currently works in the Due Process Branch at AFCAF.  Compl. ¶ 11.  In

2007 and 2008, Burton applied for over ten positions and/or promotions.  Although her

complaint encompasses all of the nonselections, she now concedes that she did not exhaust administrative remedies for most of the nonselections, and has limited her case to the following adverse actions. See Pls.' Opp'n at 10 n.2.[2] Burton alleges that in October 2007, she was not considered for a temporary/early promotion to GG-0080-13, because of racial discrimination by defendant. Compl. ¶ 35; Def.'s Ex. 14. She filed a complaint with the EEOC on March 10, 2008. Def.'s Ex. 13. A few months later, she applied for the position of Personnel Security Specialist (GG-0080-13/13, Vacancy Announcement 08MAY652556), and was one of 20 candidates interviewed. Compl. ¶¶ 73-74. She was not selected. Id. ¶ 73. In August 2008, Burton amended her complaint to include a claim of retaliation based on the nonselection. Id. ¶ 9; Def.'s Ex. 15.

In Burton's view, the retaliation continued into the next year. In February 2009, she received a "Memorandum for Record" -- apparently, a form of reprimand or criticism, although the record is unclear on this point. Compl. ¶ 84. And when she applied for another Personnel Security Specialist position in April 2009 (Vacancy Announcement 09APR704512), she was not selected. Id. ¶ 81. Burton filed this lawsuit on May 6, 2009, seeking relief under Title VII for all of the foregoing incidents, without having sought administrative relief for the latter 2009 actions. Only after initiating this lawsuit did Burton file an administrative EEO complaint covering the 2009 Memorandum for Record and subsequent nonselection. See Def.'s Ex. 16 (EEO complaint dated June 30, 2009).

---

[2] Burton concedes that she did not adequately exhaust her administrative remedies for nonselection with respect to the following vacancy announcements and concedes they should be dismissed: No. 08JAN635330, No. 07DEC634837, No. 07NOV630867, No. 07SEP622722, No. 08MAY652297, and No. 08APR648770. See Pls.' Opp'n at 10 n.2 (stating that those claims are voluntarily dismissed).

### B.    List of Burton's Title VII Claims

To summarize Burton's Title VII claims that she contends were adequately exhausted,

they are:

    (1)  Discrimination, for not being considered for a temporary/early promotion to GG-0080-13, in October 2007.  Compl. ¶ 35.

    (2)  Discrimination and retaliation, for nonselection for a Personnel Security Specialist position (GG-0080-13/13, Vacancy Announcement 08MAY652556) in June 2008. Id. ¶¶ 40, 73.

    (3)  Retaliation, for being given a "Memorandum for Record" in February 2009.  Id. ¶ 84.

    (4)  Retaliation, for nonselection for a Personnel Security Specialist position (GG-0080-13/13, Vacancy Announcement 09APR704512) in April 2009.  Id. ¶ 81.

Defendant concedes that Burton adequately exhausted her administrative remedies

in some respects -- the first discrimination claim concerning the temporary/early promotion, and

the claim of retaliation in June 2008 when she was not selected for the first Personnel Security

Specialist position.  The parties disagree on whether Burton adequately exhausted her

administrative remedies in all other respects.

### STANDARD OF REVIEW

This motion will be treated as a motion for summary judgment.  Defendant asserts that

exhaustion of administrative remedies is a jurisdictional prerequisite to bringing suit under Title

VII, and hence, seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).  Def.'s

Mem. at 10.  This Circuit has held, however, that Title VII's exhaustion requirement "though

mandatory, is not jurisdictional."  Douglas v. Donovan, 559 F.3d 549, 556 n.4 (D.C. Cir. 2009)

(citing Munsell v. Dep't of Agric., 509 F.3d 572, 581 (D.C. Cir. 2007), and In re James, 444 F.3d

643, 647-48 (D.C. Cir. 2006)).  This is because, as the Supreme Court has recently reiterated,

"'when Congress does not rank a statutory limitation on [the statute's] coverage as jurisdictional,

courts should treat the restriction as non-jurisdictional in character.'" See Reed Elsevier, Inc. v. Muchnick, 130 S. Ct. 1237, 1243 (2010) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 516 (2006)).

A motion to dismiss for failure to exhaust administrative remedies, then, is properly considered pursuant to Fed. R. Civ. P. 12(b)(6).  However, when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d); see Yates v. Dist. of Columbia, 324 F.3d 724, 725 (D.C. Cir. 2003).

Summary judgment is appropriate when the pleadings and the evidence demonstrate that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The moving party may successfully support its motion by identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" which it believes demonstrate the absence of a genuine issue of material fact.  Fed. R. Civ. P. 56(c); see Celotex, 477 U.S. at 323.

In determining whether there exists a genuine issue of material fact sufficient to preclude summary judgment, the court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position.  Id. at 252.  By pointing to

the absence of evidence proffered by the non-moving party, a moving party may succeed in summary judgment. Celotex, 477 U.S. at 322. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). Summary judgment is appropriate if the non-movant fails to offer "evidence on which the jury could reasonably find for the [non-movant]." Id. at 252.

## ANALYSIS

A federal employee bringing a lawsuit under Title VII is required to timely exhaust his or her administrative remedies. See Harris v. Gonzales, 488 F.3d 442, 443 (D.C. Cir. 2007); Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997); Thorne v. Cavazos, 744 F. Supp. 348, 350 (D.D.C. 1990). Failure to do so will ordinarily bar a judicial remedy. See Brown v. Marsh, 777 F.2d 8, 13 (D.C. Cir. 1985); see also Rattigan v. Gonzales, 503 F. Supp. 2d 56, 68 (D.D.C. 2007). The exhaustion requirement serves the function of giving the agency notice of the claim and "a fair opportunity to provide full redress or to attempt an informal accommodation," and ensures that only claims a plaintiff has pursued through the administrative process will survive. Loe v. Heckler, 768 F.2d 409, 418 (D.C. Cir. 1985); Guerrero v. Univ. of Dist. of Columbia, 251 F. Supp. 2d 13, 21 (D.D.C. 2003).

The employee is first required to contact an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory . . . ." 29 C.F.R. § 1614.105(a)(1). Should the matter remain unresolved after informal counseling, the employee may file a formal discrimination complaint with the agency. Bowie v. Ashcroft, 283 F. Supp. 2d 25, 33 (D.D.C. 2003). The employee may amend the "complaint at any time prior to the conclusion of the investigation to include issues or claims like or related to those raised in the complaint." 29 C.F.R.

§ 1614.106(d).  The claimant must then proceed through the administrative process.

"The employee may commence a civil action against her employer if, and only if, the EEOC has dismissed the complaint or has itself failed to begin a civil action within 180 days of the original EEOC filing."  Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005) (citing 42 U.S.C. § 2000e-5(f)(1)).  A claimant may only challenge in federal district court those allegations that were contained in the EEO complaint or those that are "like or reasonably related to the allegations of the charge."  Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995).  A party must exhaust his or her administrative remedies for each discrete act of discrimination or retaliation alleged or lose the ability to recover for it.  National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114-15 (2002).  However, exhaustion of administrative remedies, "like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Brown v. Marsh, 777 F.2d at 14.  The failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of pleading and proving.  Bowden, 106 F.3d at 437.

## I.    Plaintiff Bell's Claims

### A.    Denial of a performance award in June 2008

The Court begins with Bell's claim that she was denied a performance award (including a cash bonus) in June 2008, as a result of both discrimination and retaliation for her EEOC activity.  See Compl. ¶¶ 33, 69.  The record shows that she alleged only retaliation at the administrative level, stating, in relevant part in an amendment to her EEOC complaint:  "I knew the reason why she did not give me a cash award[; it was] because of my [earlier] EEO complaint."  Def.'s Ex. 5.  Thus, defendant argues that only the retaliation claim should go forward, and the discrimination claim should be dismissed.  See Def.'s Mem. at 20.  Bell makes no counterargument in her

opposition brief.[3]

Nonetheless, the Court has considered whether Bell may include that discrimination claim in this litigation based on the principle that a claim "like or reasonably related to the allegations of the [administrative] charge" may be pursued in a Title VII civil action, notwithstanding the failure to otherwise exhaust administrative remedies.  Dage v. Johnson, 537 F. Supp. 2d 43, 56 (D.D.C. 2008) (quoting Park, 71 F.3d at 907).  A new claim is "like or reasonably related" to the original claim if it "could have reasonably been expected to grow out of the original complaint."  Weber v. Battista, 494 F.3d 179, 184 (D.C. Cir. 2007).

Claims of "ideologically distinct categories" of discrimination and retaliation, however, are not "related" simply because they arise out of the same incident.  Allowing a plaintiff to pursue new categories of discrimination or retaliation in litigation based on a different type of discrimination from that plaintiff raised before the agency would undermine the purpose of the exhaustion requirement -- "to provide the agency with notice to investigate possible grounds of discrimination" or, here, retaliation.   Nyunt v. Tomlinson, 543 F. Supp. 2d 25, 35-36 (D.D.C. 2008), aff'd, 589 F.3d 445, 448 (D.C. Cir. 2009).  Indeed, a long line of cases prohibits plaintiffs from "conflating ideologically distinct categories of discrimination for purposes of meeting their exhaustion requirements."  See Casole v. Johanns, 577 F. Supp. 2d 138, 141-42 (D.D.C. 2008) (holding that plaintiff failed to exhaust his claim of national origin discrimination where he had asserted only gender discrimination and retaliation in his administrative complaint) (citing Siegel v. Kreps, 654 F.2d 773, 776 (D.C. Cir. 1981); Nyunt, 543 F. Supp. 2d at 35-36; Brown v. Dist. of Columbia, 251 F. Supp. 2d 152, 162 (D.D.C. 2003); and Sisay v. Greyhound Lines, Inc., 34 F.

---

[3]  Indeed, her opposition brief underscores that this claim is based on retaliation, not discrimination.  See Pls.' Opp'n at 4 ("June 13, 2008, Plaintiff Bell was not given a cash award for her work performance on her Civil Rating Record.  Basis: Retaliation based on prior EEO activity.").

Supp. 2d 59, 64 (D.D.C. 1998)); see also Robinson-Reeder v. Am. Council on Educ., 532 F.

Supp. 2d 6, 13 (D.D.C. 2008) (holding that plaintiff failed to exhaust administrative remedies for

retaliation claim when EEO charge concerning the adverse action alleged only racial

discrimination); Riggsbee v. Diversity Servs., Inc., 637 F. Supp. 2d 39, 43 (D.D.C. 2009)

(holding that plaintiff failed to exhaust administrative remedies for gender discrimination claim

when EEO charge concerning the adverse action alleged only racial discrimination). Therefore,

while Bell's retaliation claim arising from the denial of her June 2008 performance award will go

forward, her non-exhausted discrimination claim concerning that incident will be dismissed.

**B.     Denial of "Special Act Award" and performance award in September 2007**

Bell also alleges that discrimination occurred with respect to the denial of two awards in

September 2007 -- a "Special Act Award" and an annual performance award. Compl. ¶¶ 22, 31.

Defendant contends that Bell failed to initiate the EEO process within 45 days of the incidents

and thus, the claims must be dismissed as untimely. In response, Bell contends that defendant

has waived the timeliness defense by not raising it during the administrative process.

Pursuant to 29 C.F.R. § 1614.105(a)(1), an employee alleging discrimination must

contact an EEO counselor in order to try to resolve the matter informally, and must do so "within

45 days of the date of the matter alleged to be discriminatory, or in the case of personnel action,

within 45 days of the effective date of the action." Miller v. Hersman, 594 F.3d 8, 11 (D.C. Cir.

2010) (quoting 29 C.F.R. § 1614.105(a)(1)). The record is undisputed that Bell learned she had

been denied the performance award on September 5, 2007, and the Special Act Award on

September 14, 2007. See Def.'s Ex. 3. The first time she raised these issues in the EEO process

was on November 16, 2007, more than 45 days later, when she sought to amend her informal pre-

complaint with the EEOC.[4] See Def.'s Ex. 2.

Bell contends that defendant waived the timeliness defense by accepting those claims for investigation at the administrative level.[5] Pls.' Opp'n at 14. However, under the law of this Circuit, "agencies do not waive a defense of untimely exhaustion merely by accepting and investigating a discrimination complaint[;]" rather, a decision "on the merits . . . without mentioning timeliness" is necessary to result in a waiver of the defense. Bowden, 106 F.3d at 438; see Nurridin v. Bolden, 674 F. Supp. 2d 64, 86 (D.D.C. 2009) ("[A]n agency waives the exhaustion defense if it accepts and investigates a discrimination complaint, and also decide[s] it on the merits -- all without mentioning timeliness.") (internal quotation marks omitted); see also Boyd v. U.S. Postal Serv., 752 F.2d 410, 414 (9th Cir. 1985) ("The mere receipt and investigation of a complaint does not waive objection to a complainant's failure to comply with the original filing time limit when the later investigation does not result in an administrative finding of discrimination."); Oaxaca v. Roscoe, 641 F.2d 386, 390 (5th Cir. 1981) ("[W]e reject [the] contention that the federal agency, by merely accepting and investigating a tardy complaint,

_____

[4] Bell also filed a grievance over the denial of the performance award, but did not allege discrimination therein. In any event, filing an internal grievance or appeal does not remedy a failure to contact the EEO within the 45-day time limit. See Del. State Coll. v. Ricks, 449 U.S. 250, 261 (1980) ("[T]he pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods."); Foster v. Gonzales, 516 F. Supp. 2d 17, 26 (D.D.C. 2007) ("Foster was required to contact an EEO counselor within 45 days of his receipt of the termination letter . . . his pursuit of an internal FBI appeal on the merits of his termination neither renews nor tolls that 45-day deadline.").

[5] Bell also asks the Court to consider the EEOC "reasonable suspicion" standard to determine when the 45-day period begins running. Pls.' Opp'n at 14 (citing Howard v. Dep't of the Navy, EEOC Request No. 05970852 (Feb. 11, 1999)); see also Evans v. Sebelius, 674 F. Supp. 2d 228, 240 n.8 (D.D.C. 2009) (applying "reasonable suspicion" standard to determine when the 45-day period commences). This does nothing to advance Bell's cause because she does not dispute that she failed to raise the issue within 45 days of learning of the denial of the awards, and she offers no facts that would suggest that she did not become "reasonably suspicious" of discrimination until some later date.

automatically waives its objection to the complainant's failure to comply with the prescribed time delays.").  Therefore, even though the agency accepted Bell's complaint without mentioning timeliness, the defense has not been waived because defendant did not issue a final decision on the merits of those claims. Therefore, these two claims will be dismissed for a failure to initiate contact with the EEO within the 45-day limitations period.

**C.     Demotion and transfer from an office to a cubicle; denial of an opportunity to work overtime**

The Court next considers the adequacy of exhaustion with respect to Bell's demotion and overtime claims.  First, she argues that she was discriminated and retaliated against when she was demoted, and transferred from an office to a cubicle, five days after the EEO began investigating her initial complaint.  Compl. ¶¶ 19, 63.  Second, she claims that she was retaliated against when she was denied an opportunity to work overtime.  Id. ¶ 68.

**1.     The Discrimination Claim**

The discrimination claim (for demotion and transfer to a cubicle) plainly should be dismissed.  Bell alleged only retaliation at the administrative level -- not discrimination.  See Def.'s Mem. at 18; see also Def.'s Ex. 6.  As discussed above, the "like or reasonably related" standard governs whether an otherwise unexhausted claim may be brought in a Title VII action, and that standard is not satisfied when the unexhausted claim alleges a categorically distinct form of discrimination or retaliation.  See Nyunt, 543 F. Supp. 2d at 35-36.

**2.     The Retaliation Claims**

This leaves the two retaliation claims: (1) for demotion, and transfer to a cubicle, and (2) for denial of an opportunity to work overtime.  Defendant acknowledges that these claims were accepted by the Administrative Judge late in the administrative process, but contends they must

nonetheless be dismissed because the administrative judge erred in accepting the claims as amendments to the original EEO complaint and, in any event, Bell's conduct impeded the administrative process on the amended claims. In response, Bell argues that their inclusion in the administrative process, even for a short time and without her cooperation, satisfies the exhaustion requirement. Resolution of the exhaustion defense as to these claims requires a more detailed exploration of the factual background.

These claims were first raised on January 16, 2009, in Bell's motion to amend her original administrative complaint. Def.'s Ex. 6. That complaint, filed in January 2008, covered her nonselection for a Personnel Security Specialist position in September 2007 and denial of two awards that same month, and had already proceeded through months of investigation and discovery. See Def.'s Ex. 3; Pls.' Ex. A.

On February 18, 2009, the Administrative Judge issued a one-page order stating:

(1) Complainant's Motion to Amend Complaint is **CONDITIONALLY GRANTED**, subject to the parties submitting for my approval, **no later than February 25, 2009**, a discovery timetable that provides for discovery on the amended complaint to be completed **no later than April 10, 2009**. . . .

(2) Absent my receipt of said timetable for discovery, the Motion to Amend shall be deemed **DENIED**, and discovery for the instant complaint shall be completed **March 18, 2009**. In this event, the Agency will be required to process the claims raised in the requested amendment as a separate matter pursuant to 29 C.F.R. Part 1614.

Def.'s Ex. 7 (boldface in original). Thus, Bell was given two options: either (1) submit to discovery on the amended issues, in which case the motion to amend would be granted, or (2) pursue these claims in a separate proceeding, with the 180-day limitations period starting anew.

Bell chose the first option, and submitted a timetable for discovery to the Administrative Judge on February 25, 2009. Def.'s Ex. 8. Based on that submission, on March 10th, 2009, the

Administrative Judge deemed Bell's original complaint amended to include the additional retaliation claims, pursuant to the previous conditional order. Def.'s Ex. 9.

The next day, Bell filed a motion for a 30-day stay of discovery, citing a death in the family. Def.'s Ex. 10. But only a few weeks later, Bell withdrew her request for an EEOC hearing, and asked the Administrative Judge to remand the matter to the Air Force's EEO office for a final decision. Def.'s Ex. 11. The Administrative Judge granted the withdrawal request on April 6, 2009, but instead of remanding the case for a final decision, she instructed the Air Force's EEO office to conduct a supplemental investigation of the amended claims, noting that the Investigative Report could not address the amended claims without discovery having taken place. Id. One month later, on May 6, 2009, Bell filed this lawsuit.

Defendant argues that, as a threshold matter, the amended issues (demotion and transfer to a cubicle, and denial of overtime work) are not "like or related" to the original claims (discrimination for nonselection for a promotion, and retaliation for denial of a performance award) and, thus, the Administrative Judge erred in accepting the amended claims. See Def.'s Mem. at 16.[6] Indeed, the Administrative Judge's one-page order contains no determination that the new claims were "like or related to" the original claims under 29 C.F.R. § 1614.106(d), nor does it refer to the regulation. See Def.'s Ex. 9. For her part, Bell does not argue that the claims are "like or related." Instead, citing no authority, she argues that the decision by the Administrative Judge to grant the amendment is unreviewable by this Court. See Pls.' Opp'n at 5 n.1 ("Defendant's position that the EEOC Administrative Judge should have not accepted these amended issues since they were not 'like or related to the issues being investigated' is not subject

_____

[6] Under 29 C.F.R. § 1614.106(d) a plaintiff may amend her administrative complaint "to include issues or claims like or related to those raised in the complaint."

to review in the District Court and is thus baseless.").  However, a ruling of an EEOC

Administrative Judge does not bind a federal court.  See Casole, 577 F. Supp. 2d at 142 n.3

Under the governing legal standard, the amendment should only have been granted if the

two retaliation claims "could have reasonably been expected to grow out of the original

complaint."  Weber, 494 F.3d at 184.  Here, the two incidents leading to the original complaint

(discrimination for nonselection for a promotion, and retaliation for denial of a performance

award) share little factual similarity with the incidents leading to the amended claims (demotion

and transfer to a cubicle, and denial of overtime work).  These are simply four discrete, separate

incidents, with little in common other than the fact that they are all allegedly violations of Title

VII.  Thus, it is not the case that the additional retaliation claims "could have reasonably been

expected to grow out of the original complaint."  Id.  Hence, the Administrative Judge erred in

deeming the original administrative complaint amended.  The retaliation claims were added at

the eleventh hour of the investigation on Bell's earlier unrelated claims, and hence went virtually

nowhere in the EEO process.  As such, they will be dismissed.

Defendant offers a second and independent ground for dismissing these claims.  He

argues that by withdrawing from the administrative proceedings and suing in federal court, just

weeks after convincing the Administrative Judge to amend her complaint (on the condition that

discovery would take place), Bell frustrated the administrative process, and thus has not properly

exhausted the amended claims.[7]  Defendant further notes that the Administrative Judge's

conditional order makes clear that she would not have granted the motion to amend, had she

_____

[7]  Defendant also refers to the doctrine of judicial estoppel as a basis for dismissing this
portion of Bell's claims.  See Def.'s Mem. at 15 n.6.  However, judicial estoppel is a doctrine that
prevents the advancement of inconsistent legal arguments -- not procedural mind-changing -- and
is not directly applicable here.  See New Hampshire v. Maine, 532 U.S. 742, 755 (2001).
Moreover, defendant's motion makes clear that the crux of his argument rests on Bell's
stonewalling of the administrative process -- an exhaustion issue.  See Def.'s Mem. at 14-16.

known that Bell would abandon the discovery process. See Def.'s Mem at 13-15; Def.'s Ex. 7 ("Absent receipt of said timetable for discovery, the Motion to Amend shall be deemed DENIED."). In response, Bell contends that Title VII grants her the right to file a civil action in federal court as long as 180 days have elapsed since the filing of the original administrative complaint, citing 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.407(b).

The purpose of the exhaustion requirement is to provide the agency with notice to investigate the claim, and provide "a fair opportunity to provide full redress or to attempt an informal accommodation." Loe, 768 F.2d at 418. Exhaustion serves no purpose, then, if an employee fails to cooperate in the administrative process or dismisses her claim soon after filing it. Thus, it is well-established that failure to cooperate in the investigation will be equated with a failure to exhaust administrative remedies, notwithstanding the passage of the 180-day time period. See Rann v. Chao, 346 F.3d 192, 197 (D.C. Cir. 2003) (dismissing a claim for failure to exhaust administrative remedies even after 180-day period had run, since plaintiff had not cooperated with the administrative proceedings); Wilson v. Peña, 79 F.3d 154, 164 (D.C. Cir. 1996) ("If a complainant forces an agency to dismiss or cancel the complaint by failing to provide sufficient information to enable the agency to investigate the claim, he may not file a judicial suit."); Mills v. Billington, 2006 WL 1371683, at *4 (D.D.C. 2006) ("Exhaustion under Title VII demands a good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information.") (internal quotation marks omitted); Smith v. Koplan, 362 F. Supp. 2d 266, 268 (D.D.C. 2005) ("Courts equate cases of failing to cooperate with the agency as cases where a plaintiff has failed to exhaust her administrative remedies.").

Based on the same principle, a plaintiff "cannot use a voluntary dismissal to avoid the requirement of exhaustion, as this would undermine the purposes behind the exhaustion

doctrine." Wiley v. Johnson, 436 F. Supp. 2d 91, 95 (D.D.C. 2006). "[A] plaintiff who abandons the administrative process fails to satisfy the exhaustion requirement." Bush v. Engleman, 266 F. Supp. 2d 97, 101 (D.D.C. 2003).

Here, Bell failed to cooperate with the agency proceedings and then abandoned the administrative process with regard to these two claims. The only reason they are included in her EEO complaint (and thus even potentially eligible for inclusion in her federal lawsuit) is because she represented to the Administrative Judge that she planned to allow discovery on these claims, consistent with the purpose of requiring plaintiffs to exhaust administrative remedies -- to attempt a resolution at the agency level first. The conditional order makes clear that, without the promise of discovery, the motion to amend would have been denied, and Bell would be required to pursue the matter separately, and wait 180 days before filing suit on the new claims.

Bell attempts to rely on Abdelkarim v. Tomlinson, 605 F. Supp. 2d 116 (D.D.C. 2009), and Brown v. Tomlinson, 462 F. Supp. 2d 16 (D.D.C. 2006), for the proposition that, under 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.407, a plaintiff has an absolute right to withdraw from the administrative process after 180 days and bring suit in federal court. Those cases do not address an employee's failure to cooperate and are factually distinguishable in other respects. First of all, the plaintiff in Abdelkarim had requested and received a final decision from the agency, within 90 days of filing suit -- an independent reason to find exhaustion. See Abdelkarim, 605 F. Supp. 2d at 120. There was also no indication that the plaintiff failed to cooperate with the administrative proceedings. See generally id. In Brown, the court permitted a plaintiff to bring suit after a 270-day delay in holding a hearing at the agency level, which had been caused "[t]hrough no fault of plaintiff's." Brown, 462 F. Supp. 2d at 20. Thus, in neither case did the plaintiff take any action to frustrate the administrative proceedings, as Bell has done

here, with a last-minute amendment, a refusal to engage in discovery, and abandonment of administrative proceedings on her amended claims.

In short, although Bell cooperated with the agency for 180 days as to her <u>original</u> complaint, she did not cooperate with regard to the two amended claims at issue -- demotion and transfer to a cubicle, and denial of overtime work. Under these circumstances, the Court holds that Bell failed to properly exhaust these two retaliation claims at the administrative level. Hence, they will be dismissed.

## II. Plaintiff Burton's Claims

### A. Nonselection for a Personnel Security Specialist position (GG-0080-13/13, Vacancy Announcement 08MAY652556)

Burton claims that she was discriminated against, and retaliated against, when she was not selected for promotion to a Personnel Security Specialist position, for which she was interviewed in June 2008. Compl. ¶¶ 40, 73. Defendant concedes that the retaliation claim may go forward -- Burton brought the claim at the administrative level over 180 days before filing this lawsuit. <u>See</u> Def.'s Mem. at 19-20. However, Burton did not raise the discrimination claim at the administrative level. <u>Id.</u> at 12. As discussed above, the "like or reasonably related" standard governs whether an otherwise unexhausted claim may be brought in a Title VII action, and that standard is not satisfied when the unexhausted claim alleges a categorically distinct form of discrimination or retaliation. <u>See</u> <u>Nyunt</u>, 543 F. Supp. 2d at 35-36. That is the case here. Therefore, while the retaliation claim will go forward, the discrimination claim will be dismissed.

### B. Nonselection for a Personnel Security Specialist position (GG-0080-13/13, Vacancy Announcement 09APR704512) and the "Memorandum for Record"

Finally, the Court turns to Burton's last two claims of retaliation. She alleges that she was retaliated against when she was not selected for another Personnel Security Specialist position in

April 2009, Compl. ¶ 81, and when she was given a "Memorandum for Record" in February 2009, id. ¶ 84.  The first time these two claims were raised administratively was on June 30, 2009 -- after this lawsuit was filed.  See Pls.' Opp'n at 15 n.3; Def.'s Reply at 7.

As discussed above, Title VII provides that an employee may not commence a civil action until expiration of the 180-day period for exhaustion of administrative remedies.  Jorge, 404 F.3d at 564 (discussing 42 U.S.C. § 2000e-5(f)(1)).  EEOC regulations reiterate this requirement, stating that a Title VII claimant may file a civil action only "after 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken." 29 C.F.R. § 1614.407(b) (emphasis added).

The record clearly shows that by filing this lawsuit before raising these claims at the administrative level, Burton did not comply with the 180-day requirement.  See Def.'s Mem. at 4; Def.'s Reply at 7.  Of course, since the exhaustion requirement is not jurisdictional, "like a statute of limitations, [the 180-day period] is subject to waiver, estoppel, and equitable tolling." Zipes, 455 U.S. at 393.  But the plaintiff "bears the burden of pleading and proving facts supporting equitable avoidance of the defense." Bowden, 106 F.3d at 437.

Burton has offered no explanation for her premature filing, and instead only argues that because 180 days have now elapsed since the filing of her EEO complaint, "her claims are now ripe." Pls.' Opp'n at 15.  The Court declines to disregard the plain language of the statute and regulations based on this result-oriented approach.  Under Burton's approach, no plaintiff would be required to comply with the 180-day requirement, so long as 180 days had elapsed by the time the defendant's response to the complaint was due.  This is a wholesale rewriting of the statute and regulation, which the Court will not do.  Furthermore, it undermines the exhaustion process by cutting short the time the employer has to resolve the administrative complaint.

Burton "does not show that she 'has done all that is required by Title VII' because she admittedly 'has failed to meet the requisite time constraints.'" McAlister v. Potter, 570 F. Supp. 2d 24, 27-28 (D.D.C. 2004) (quoting Jones v. Ashcroft, 321 F. Supp. 2d 1, 12 (D.D.C. 2004). Faced with similar facts, other courts in this jurisdiction have reached the same conclusion. See, e.g., McAlister, 570 F. Supp. 2d at 28 ("Wholly absent from Plaintiff's opposition is any explanation for her failure to comply with the 180-day filing requirement. Nor does Plaintiff set forth any basis upon which the Court may waive the filing requirement or otherwise grant equitable relief."); Jones, 321 F. Supp. 2d at 12 (dismissing a claim for failure to comply with the 180-day requirement where plaintiff prematurely filed suit and argued that the EEOC process was unlikely to produce a settlement). Therefore, since Burton "does not dispute her premature filing of this action," McAlister, 570 F. Supp. 2d at 27, and offers no basis for the Court to conclude that equitable avoidance of the defense would be proper, the Court will dismiss these claims for a failure to timely exhaust administrative remedies.[8]

## CONCLUSION

For the foregoing reasons, the Court will grant defendant's motion for partial summary judgment. As a result, Bell's case will move forward only with respect to the following claims: (1) discrimination for nonselection for Vacancy Announcement 07MAY606279; and (2) retaliation with respect to denial of a performance award in June 2008. Burton's case will move forward on the following claims: (1) discrimination for not being considered for a temporary promotion to GG-13 in October of 2007; and (2) retaliation with respect to nonselection for a promotion to Vacancy Announcement 08MAY652556. All other claims of each plaintiff will be

---

[8] The record does not make clear at what stage these claims are in the administrative process. Burton is free to file a motion to amend her complaint to include any new claims that have been properly exhausted at the administrative level.

dismissed for failure to exhaust administrative remedies.  A separate order accompanies this

Memorandum Opinion.


                                            _____
                                                          /s/
                                                  JOHN D. BATES
                                            United States District Judge

Date: <u>July 6, 2010</u>